11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Wilton Gerald Powell

Appellant

Vs.                   No.
11-03-00095-CR -- Appeal from Eastland County

State of Texas

Appellee

 

The jury convicted Wilton Gerald Powell of the
offense of possession of less than one gram of cocaine.  After finding the enhancement allegations to
be true, the trial court assessed appellant=s
punishment at confinement for ten years. 
We affirm.  

In his sole issue, appellant argues that the trial
court should have granted his motion to suppress because the scope of the
officers= search
exceeded appellant=s
consent.  We disagree.  

In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85, 87
(Tex.Cr.App.1997).  Because the trial
court is the exclusive fact finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex.Cr.App.2000).  We
also give deference to the trial court=s
rulings on mixed questions of law and fact when those rulings turn on an
evaluation of credibility and demeanor.  Guzman
v. State, supra.  Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the
trial court=s actions
de novo.  Guzman v. State, supra;
Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no pet=n). 









The record from the hearing on the motion to
suppress shows that Officer James King of the Cisco Police Department was dispatched
to a domestic disturbance call involving appellant and the owner of the
residence, Tammy Mackey.  After
determining that Mackey did not want to press charges and that appellant had
packed his belongings into his car and was preparing to leave, Officer King
told appellant that he was free to go. 
As Officer King and appellant walked toward their cars, Officer King
discussed appellant=s
criminal history with him (including theft and burglary) and told appellant that
there had been numerous burglaries in the area. 
Officer King testified that he told appellant that he was interested in
possibly examining some of the contents of appellant=s
car.  Appellant said that that was Aokay.@  Officer King obtained a Aconsent to search@ form. 
Prior to appellant signing the form, he inquired as to what the officers
would be looking for.  Officer King
testified that he told appellant they Awould
be looking for stolen items, illegal weapons, and illegal drugs.@ 
Appellant signed the Aconsent
to search,@ which
was admitted into evidence as State=s
Exhibit No. 1.  The form signed by
appellant shows that appellant gave his consent for the officers to search a
1974 blue Volkswagen Bug, License No. J37MRM, A[i]ncluding
the containers and contents located therein.@  

During the search of appellant=s car, the officers determined that the
electronic items that they had seen in appellant=s
car were not stolen because the serial numbers did not match any of those that
had been reported stolen.  In the back of
the vehicle, the officers found an ice chest covered with a trash bag.  Underneath the ice chest in a hard plastic
sunglasses case in a brown paper bag, the officers found the metal crack pipe
containing cocaine residue.  

Appellant testified at the hearing on the motion
to suppress.  He testified that Officer
King had told appellant that he was free to leave but that Officer King then requested
to search appellant=s
car.  Appellant testified that he felt
that he was no longer free to leave. 
Appellant stated that he consented to the search even though he was
aware that he did not have to consent.  Appellant
testified that he Awas just
trying to be cooperative.@  








 We hold
that the trial court did not err in denying appellant=s
motion to suppress.  A warrantless search
of a vehicle is authorized when valid consent has been obtained prior to the
search.  Schneckloth v. Bustamonte,
412 U.S. 218 (1973).  However, the
permissible scope of such a search may not exceed the scope of the consent.  See Florida v. Jimeno, 500 U.S. 248,
250-51 (1991); DuBose v. State, 915 S.W.2d 493, 496 (Tex.Cr.App.1996), overruled
on other grounds by Guzman v. State, supra at 90; May v. State, 582
S.W.2d 848, 851 (Tex.Cr.App.1979).  The
standard for measuring the scope of consent is that of Aobjective
reasonableness@ B what the typical reasonable person
would have understood by the exchange between the officer and the consenting
individual.  Florida v. Jimeno, supra
at 251; DuBose v. State, supra at 496.  

In this case, appellant consented to the search of
his car and Athe
containers and contents located therein.@  Therefore, the officers= search of the brown paper bag and the
sunglasses case did not exceed the scope of appellant=s
explicit consent.  Moreover, under Jimeno,
when a general consent to search a vehicle is obtained, it is objectively
reasonable to conclude that such consent includes the consent to search
containers located in the vehicle.  Florida
v. Jimeno, supra at 251. 
Appellant=s sole
issue is overruled.  

The judgment of the trial court is affirmed.  

 

PER CURIAM

 

January 15, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.